IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEANNE RIGGIN,** | ) | CIVIL ACTION NO. |
| | ) | |
| **Plaintiff,** | ) | 23-1893 |
| | ) | |
| v. | ) | |
| | ) | |
| **PITTSBURGH CARE PARTNERSHIP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

By this action, Plaintiff, Leanne Riggin, seeks wage loss, compensatory and punitive damages, costs, attorneys' fees, pre and post-judgment interest because Pittsburgh Care Partnership, Inc. discriminated against her due to her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112. Additionally, Plaintiff seeks wage loss and compensatory damages, costs, and attorneys' fees for Defendant's parallel violations of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

### II. JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts

1

constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On or about June 28, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, alleging disability discrimination and retaliation. Plaintiff's Charge was dual-filed with the Pennsylvania Human Rights Commission (hereinafter "PHRC").

4. The EEOC issued a Notice of Right to Sue Letter to Plaintiff on August 8, 2023. This Complaint has been filed within ninety (90) days of the Plaintiff's receipt of the letter, thus making this action timely.

5. One year has passed since Plaintiff filed with the PHRC.

### III.   PARTIES

6. Plaintiff is Leanne Riggin (hereinafter "Ms. Riggin"), an adult individual who resides in Allegheny County.

7. Defendant Pittsburgh Care Partnership, Inc. (hereinafter "Pittsburgh Care") is a domestic nonprofit corporation located at 2400 Ardmore Blvd., Suite 700 Pittsburgh, PA 15221.

8. Defendant employs more than fifty employees.

9. At all relevant times, Pittsburgh Care is an employer within the definition of ADA and PHRA.

10. At all relevant times, Ms. Riggin was an employee of Pittsburgh Care within the definition of ADA and PHRA.

## IV. STATEMENT OF CLAIM

11. In or around May 2021, Ms. Riggin began working at Pittsburgh Care as a Dining Services Coordinator.

12. Ms. Riggin was recruited to her position by Ms. Michelle Fichtner. Ms. Riggin had previously worked with Ms. Fichtner at another job.

13. At Pittsburgh Care, Ms. Fichtner was the Director of Dining Services.

14. As the Director of Dining Services, Ms. Fichtner was Ms. Riggin's supervisor.

15. Ms. Riggin informed Ms. Fichtner of her depression, anxiety, and panic attacks prior to working at Pittsburgh Care and again while she worked for Pittsburgh Care.

16. Ms. Riggin's depression, anxiety, and panic attacks impact her daily life activities including thinking, concentrating, and working.

17. On or about January 3, 2022, Ricky Pratt started working for Pittsburgh Care as a Dining Associate.

18. Mr. Pratt treated Ms. Riggin poorly. Ms. Riggin was Mr. Pratt's supervisor but he would repeatedly disregard her requests and yell at her.

19. Ms. Riggin reported Mr. Pratt's behavior to Ms. Fichtner and Ms. Allison Luketich, Ms. Fichtner's supervisor.

20. However, Mr. Pratt continued to involve Ms. Riggin in interpersonal conflict. The interpersonal conflict severely exasperated Ms. Riggin's anxiety, depression, and panic attacks.

21. In or around February 2022, Ms. Riggin informed Ms. Fichtner that her anxiety and panic attacks were becoming more frequent and severe.

22. On or about February 18, 2022, Ms. Riggin had a panic attack at work due to Mr. Pratt's antagonism. Ms. Riggin informed Ms. Fichtner of her panic attack and that she would need

accommodations for her anxiety, depression, and panic attacks. Ms. Fichtner did not direct Ms. Riggin to contact human reasources or other employee assistance. Ms. Fichtner did not engage in the interactive process with Ms. Riggin.

23.  On or about March 16, 2022, Ms. Riggin again informed Ms. Fichtner of her increasing anxiety and need for accommodations such as leaving work early and time off. Ms. Fichtner told Ms. Riggin to keep Xanax with her at work to treat her anxiety. This was not an effective accommodation for Ms. Riggin's disabilities.

24.  Ms. Fichtner never referred Ms. Riggin to human resources or any other employee resources to assist with accommodations for her disabilities. Ms. Riggin believed that she had properly requested accommodations for her disability.

25.  In or around March 2022, Mr. Pratt was fired but his mother still worked for Defendant.

26.  On or about March 21, 2022, Mr. Pratt's mother confronted Ms. Riggin at work and triggered a panic attack in which Ms. Riggin experienced shaking, sweating, and chest pain.

27.  On or about March 21, 2022, Ms. Riggin informed Ms. Fichtner that she was experiencing a panic attack and needed to leave work in order to alleviate her panic attack.

28.  On or about March 21, 2022, Ms. Fichtner allowed Ms. Riggin to leave work because of her disability.

29.  On or about March 21, 2022, Ms. Fichtner told Ms. Riggin to contact human resources.

30.  On or about March 21, 2022, Pittsburgh Care fired Ms. Riggin because of her disability.

31.  Ms. Riggin was an excellent employee who received positive performance reviews while working for Defendant.

32.  On or about March 21, 2022, Pittsburgh Care terminated Ms. Riggin in violation of the ADA and PHRA.

33. Pittsburgh Care failed to engage in the interactive process with Ms. Riggin and instead fired her.

34. Upon information and belief, Ms. Riggin was replaced by a non-disabled individual.

35. The discrimination and retaliation Ms. Riggin suffered while working for Defendant affected her self-esteem and caused her severe emotional distress.

36. The Defendant's extreme and outrageous conduct warrants the imposition of substantial compensatory damages and punitive damages.

## V.     CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF ADA

37. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

38. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

39. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

### COUNT II – VIOLATION OF PHRC

40. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

41. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Pennsylvania Human Relations Act.

42. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay and front pay, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d) Award Plaintiff compensatory damages under PHRA and ADA;

(e) Award Plaintiff punitive damages under ADA;

(f) Award Plaintiff pre and post-judgment interest;

(g) Award Plaintiff costs and attorneys' fees; and

(h) Grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,

*/s/ Rachel L. McElroy*
Rachel L. McElroy, Esq.
PA ID No. 321624

McElroy Law Firm, LLC
960 Penn Ave., #1001
Pittsburgh, PA 15222
Phone: 412-620-8735
rachel@mcelroylawfirm.com

Attorney for Plaintiff